UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 BILLY ARNOLD,

    Defendant.
_____/

Case No. 15-20652-1
Case No.  20-20187

HON. SEAN F. COX

ORDER DENYING DEFENDANT'S MOTION IN
LIMINE TO PRECLUDE GOVERNMENT FROM FURTHER
ACCESSING CELL PHONES; TO PRECLUDE EVIDENCE
OBTAINED PURSUANT TO IMPROPER SEARCH WARRANT;
AND/OR FOR CONTINUANCE OF TRIAL (ECF No. 1903)

On September 26, 2015, defendant Billy Arnold was arrested following a high-speed chase with officers from the Detroit Police Department. Officers searched the vehicle and recovered a loaded AR-15 rifle and five cellular telephones belonging to Mr. Arnold. A sixth phone was recovered from Mr. Arnold's person. Agents obtained search warrants for the cell phones but were not able to fully extract data from two of them - a white Samsung Galaxy (Samsung) and an LG phone.

Mr. Arnold's case went to trial in the fall of 2022, ending in a mistrial on all but one count. Following the trial, the FBI advised the government

that due to significant improvement of cell phone technology, including the most recent FBI equipment and software updates, a new forensic search of the Samsung and LG phones may result in more data being extracted from them than was possible in 2015. On February 13, 2023, the government obtained a second search warrant for the Samsung and LG phones. This time, using software that was not available in 2015, the FBI was able to forensically extract additional data from the Samsung, and manually document data from the LG by taking photographs of various files. The new data includes text messages and other files that had been deleted from the phones.

On March 1, 2023, the government notified defense counsel that it obtained a new search warrant, *ex parte* and under seal, authorizing an additional probe of the two cell phones, more than seven years after they were seized and less than four months before the scheduled retrial date. The government provided the new cell phone extractions to defense counsel on or about April 5, 2023 and intends to introduce portions of this evidence at trial.

The matter is before the court on Mr. Arnold's motion in limine to (1) prohibit the government from conducting any further probe of the phones because it could result in unfair prejudice that defendant will be unable to

effectively challenge and investigate prior to trial; (2) prohibit the government from presenting evidence from the new cell phone extractions at trial; and (3) provide defendant with adequate opportunity to investigate and challenge the additional materials by adjourning the trial date.

I.   Law

Search warrants may only be issued upon "probable cause," which the Supreme Court has defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[R]eviewing courts are to accord the magistrate's [probable cause] determination great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (internal quotations and citation omitted). Once a magistrate has determined the existence of probable cause, that decision should only be reversed if it was arbitrarily made. *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006). This deferential standard "further[s] the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984).

## II.     Analysis

### A.     Validity of Search Warrant

Defense counsel acknowledged on the record that they are no longer challenging the search warrant issued for the phones.

### B.     Discovery of New Evidence

The essence of technology is that it is aways evolving. As it relates to this case, in the seven years Mr. Arnold's case has been pending, cell phone technology has advanced significantly, and operating systems are continuously being updated. While technology may reveal inculpatory evidence, emerging technology has also led to the discovery of exculpatory evidence used to support the release of wrongfully convicted defendants, such as with polymerase chain reaction DNA technology. Permitting the government to discover and offer evidence that is only possible to extract because of new technology will provide a clearer presentation of the evidence and a more complete picture to the jury at trial.

It is important to point out that in the pending motion in limine, the defense does not take issue with the technology used by the government to extract new data from the cell phones. Rather they argue they do not have

adequate time to go through the new evidence turned over by the government since the mistrial was declared.

### C. Request for adjournment

Defense counsel requests an adjournment of trial, urging that they need more time to review and investigate the recently produced discovery. In addition to the new phone extractions, the government has disclosed a significant amount of discovery materials since the mistrial. Counsel argues that failure to grant a continuance will violate defendant's Sixth Amendment guarantee of effective assistance of counsel because adequate review of discovery and an opportunity to prepare for trial is essential to providing effective assistance.

At the hearing on April 5, 2023, the court adjourned the trial date by five weeks to give the defense team additional time to review the new discovery. The defense is working with an experienced discovery coordinator who should be able to help them expedite the review process. While the new discovery is voluminous, counsels' knowledge of the case and good working relationship with the government, along with the adjournment already granted and access to support staff, ensures that

defendant will be provided the effective assistance of counsel to which he is entitled.

Finally, the court cautions the government that it will not be permitted to introduce any discovery that was not turned over to defendant by April 5, 2023, absent a showing of exceptional circumstances. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion in limine (ECF No. 1903) is DENIED.

It is so ordered.

Dated: May 2, 2023

                                                           s/Sean F. Cox
                                                           Sean F. Cox
                                                           U.S. District Judge